J-A29011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PHILIP EUGENE FRISBIE :
:
Appellant : No. 1808 MDA 2019

Appeal from the PCRA Order Entered October 2, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000185-2017

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED MAY 05, 2021**

Appellant appeals *pro se* from the denial of his Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

Appellant pled guilty to two counts of Homicide by Vehicle While Driving Under the Influence and related offenses in connection with the deaths of three people that occurred after Appellant's vehicle crossed into the opposing lane and crashed into another vehicle. On March 16, 2018, the court sentenced Appellant to an aggregate term of incarceration of 8½ years to 22 years, plus fines and restitution. Appellant did not file a post-sentence motion or a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 11, 2019, Appellant filed a timely PCRA Petition raising three claims of ineffective assistance of plea counsel. The court appointed the Bradford County Public Defender's Office to represent Appellant during his post-conviction proceedings. On August 9, 2019, counsel filed and served a "no-merit" letter pursuant to **Turner**/**Finley**[1] and a Motion to Withdraw representation. At the bottom of the letter, in big, capitalized letters, counsel stated, *inter alia*, Appellant could respond *pro se*.

On August 19, 2019, the court permitted counsel's withdrawal. Within the same Order, the court advised Appellant of his right to proceed *pro se* or retain new counsel. The court[2] also notified Appellant of its intent to dismiss his PCRA Petition without a hearing in 20 days pursuant to Pa.R.Crim.P. 907.[3] **See** Order, dated 8/19/19. On October 2, 2019, the PCRA court filed an Order dismissing Appellant's PCRA Petition.

---

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988); **Commonwealth v. Turner**, 544 A.2d 927 (1988).

[2] The Hon. Evan S. Williams, III, served as the trial, sentencing, and PCRA judge.

[3] On September 17, 2019, Appellant filed a *pro se* Notice of Appeal from the August 19, 2019 Rule 907 Notice in which he stated that he did not receive the Order until September 5, 2019, "leaving him less than three days to respond to the intent to dismiss Order." Notice of Appeal, dated 9/11/19. This Court docketed that Appeal at No. 1521 MDA 2019 and issued a Rule to Show Cause as to why the appeal should not be quashed as interlocutory. Appellant responded that he did not have time to respond to the Rule 907 Notice. We quashed the Appeal on October 22, 2019.

Appellant filed a *pro se* Notice of Appeal from the PCRA Court's October 2, 2019 Order. Both Appellant and the PCRA Court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Should Appellant be permitted to dispute validity of No-Merit letter [and] have new counsel, prior to Appeal being decided?

2. Did the Court err when Appellant was not permitted to return to lower Court to dispute No-Merit letter? (attached timely response to Superior Court Order in 1521 MDA 2019).[4]

3. Did the lower Court default procedurally by not following Pa.R.Crim.P. 114 to properly notify all parties promptly of order?

4. Did the lower Court err when it failed to allow the proper time to respond to Intent to dismiss Order (ONE DAY)?

5. Did the trial Court properly accept No-Merit letter, when PCRA counsel failed to establish why trial counsel failed to procure expert witness as was discussed in PCRA and not properly reviewed in the No-Merit letter?

6. Did the lower Court err when it accepted Appellant's plea while under the influence of mind[-]altering medications?

Appellant's Brief at 2 (re-ordered for ease of disposition).

**Standard of Review**

_____

[4] On March 23, 2020, Appellant filed a Motion with this Court requesting a remand to the PCRA court to allow him to respond to the Rule 907 Notice. We denied the Motion without prejudice to allow this Panel to review its merits if raised in Appellant's brief.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. ***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. ***Id.*** The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet just one of these prongs. ***Id.*** at 151. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010).

Finally, our rules of appellate procedure require that an appellant's brief be "divided into as many parts as there are questions to be argued" with a heading for each "particular point treated therein, followed by discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). In addition, an appellant's brief must reference the place in the record where the matter referred to appears. *Id*. at 2119(c). Further, the Pennsylvania Supreme Court has explicitly held that "incorporation by reference'" of pleadings or briefs in other matters is an "unacceptable manner of appellate advocacy for the proper presentation of a claim for relief" to our appellate courts. ***Commonwealth v. Housman***, 226 A.3d 1249, 1264 (Pa. 2020) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Id.*** (citation omitted); Pa.R.A.P. 2101.

**Issues 1-5**

As a first matter, Appellant's argument section appears to address five issues, but he has not provided headings that pertain to the issues asserted in his Statement of Questions Involved. Although he begins each paragraph referencing issues and questions numerically, his one-paragraph arguments are an amalgamation of summary statements that address the first five issues

collectively. **See** Appellant's Brief at 8-13. Appellant fails to provide any citation to relevant case law or to the record. Beyond conclusory statements, "[r]ather than re-argue his points," Appellant incorporates by reference his response to this Court's Rule to Show Cause as to why his first appeal from the Rule 907 Notice should not be dismissed. **See** Appellant's Brief at 8 and Exh A.

While we are mindful of Appellant's *pro se* status, this Court cannot and will not act as counsel. Because of the substantial defects in Appellant's Brief, we are not able to provide meaningful review of Appellant's claims pertaining to the adequacy of counsel's **Turner**/**Finley** Letter and his alleged inability to respond to the PCRA court's Rule 907 Notice. Accordingly, Appellant's first five issues in his Statement of Questions Involved are waived.

**Issue 6**

In his sixth issue, the crux of Appellant's argument is that plea counsel was ineffective when counsel advised Appellant to respond "no" to the question of whether he was under the influence of drugs during his plea colloquy. Appellant's Br. at 11-12. Appellant also contends that the effects of his prescribed Seroquel on his state of mind at his plea hearing made his plea unknowing and that PCRA counsel did not adequately address this in the **Turner**/**Finley** No-Merit letter. **See id**. Notwithstanding many substantial briefing defects, including the failure to attempt to address any of the three prongs of the ineffectiveness test noted above, we nonetheless address the

merits of what we discern to be the issue preserved in his Rule 1925(b) Statement and raised in his Brief—whether counsel somehow improperly induced Appellant into entering an unknowing plea. As discussed **infra**, Appellant has failed to establish that the underlying issue of his ineffective assistance of counsel claim has arguable merit.

In his PCRA Petition, Appellant alleged:

Counsel was ineffective because he failed to inform [Appellant] at the plea and sentencing hearing that when the judge asked if he was under the influence of drugs, that it wasn't illicit drugs he meant, it was all Medications. I was under the daily influence of 150 mgs. of Seroquel at my plea colloquy. Leaving me not fully aware of the circumstances. My attorney was well aware of my condition and should have advised me. He was pushing me to plea. My drugged state helped me make an un-informed decision. I really should not have pled. I should have been advised to tell the Judge about the Seroquel and not been lead otherwise.

PCRA Petition, filed 4/11/19, at 4a (misspellings corrected).

The PCRA Court explained that Appellant completed both a written and oral colloquy to confirm that Appellant understood the proceedings:

At the plea hearing, [Appellant] and his counsel completed a written plea colloquy immediately prior to the hearing. *See* Plea Tr. 4:12-5:4. [Appellant] confirmed during an oral colloquy conducted by the undersigned that, among other things, . . . (iv) [Appellant] suffers from "some mental or emotional difficulties" but they do not affect his "ability to understand what's happening today," and (v) [Appellant] had "a clear mind." *See* Plea Tr. 4:16-5:21. Although the undersigned went on to ask many additional questions and reviewed with [Appellant] the elements of each offense and their maximum penalties, the information elicited above belies [Appellant's] claim that he was under a "mind and mood altering medication[ ]" that rendered his plea invalid.

Supplemental Rule 1925(a) Opinion, dated 2/5/21, at 9-10.

The PCRA court then noted that during the plea colloquy, Appellant "exhibited a clear understanding of the proceedings at several other moments," noting that when Appellant expressed uncertainty about the elements of one of the offenses, he spoke with his attorney off the record and returned to the record to answer in the affirmative that he did, in fact, understand the elements of the offense. *Id*. at 10. In addition, the court noted that Appellant himself corrected the court during its recitation of the elements of the Homicide by Vehicle While Under the Influence offense. *Id*. The PCRA court concluded that "Appellant's interaction with [the court] confirmed, as [Appellant] stated at the beginning of the hearing, that he had a clear mind." *Id*. at 11.

Our review of the record confirms the PCRA court's conclusion. During the plea hearing, the court acknowledged Appellant's mental and emotional difficulties by asking if they affected Appellant's ability to understand the proceedings and when Appellant responded that they did not, the Court asked "so, as you sit here today you do have a clear mind?" N.T. Plea, 7/8/19, at 5. Appellant clearly and unequivocally answered "yes." *Id*. The transcript reveals that throughout the rest of the plea hearing Appellant exhibited, without doubt or hesitancy, his ability to understand the proceedings and the consequences of his guilty plea. *Id*., at 6-16.

Accordingly, we conclude Appellant failed to establish that the underlying issue of his ineffective assistance of counsel claim has arguable

merit. We further conclude that the PCRA court properly applied the law in denying relief. We, thus, affirm the Order denying PCRA relief without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2021